UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:10-cr-00279-01 |
| VERSUS | JUDGE DOHERTY |
| COREY DEMOND BARFIELD  (01) | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**
(Rec. Doc. 64)

Currently pending before this Court is the motion for severance that was filed by defendant Corey Demond Barfield (Rec. Doc. 64).  For the following reasons, the motion is DENIED.

**FACTUAL BACKGROUND**

Barfield was indicted, along with David Charles Jenkins and Kamal Dumaka Leday, and charged in Count I with conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 and in Count II with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).  (Rec. Doc. 2). Barfield claims that he has been pressured by Jenkins and Leday to "take the charge" and exonerate them.  (Rec. Doc. 64 at ¶12).

In particular, Barfield claims that he was visited at the St. Martin Parish Detention Center in Breaux Bridge, Louisiana, on November 30, 2010, by Alberta Landry, who is believed to be Leday's mother, and Audrey F. Searles, a notary public. (Rec. Doc. 64 at ¶6). They allegedly asked Barfield to sign an affidavit exonerating Leday and Jenkins. Barfield signed a two-page affidavit (Rec. Doc. 65-1). Barfield now claims that the affidavit was prepared by Leday, is false, and was signed under pressure from Leday (Rec. Doc. 64 at ¶7).

Barfield also claims that Leday encouraged him to file an ethics complaint against his counsel, Lester J. Gauthier, Jr., which was allegedly received by the Louisiana Office of Disciplinary Counsel on December 1, 2010. (Rec. Doc. 64 at ¶¶8-9). Barfield now disavows the ethics complaint (Rec. Doc. 64 at ¶10) and contends that it was filed only because Leday aided in the preparation of the complaint and urged Barfield to file it in order to undermine the effectiveness of the attorney-client relationship between Barfield and his counsel (Rec. Doc. 64 at ¶¶10-11).

In summary, Barfield claims that both Jenkins and Leday have attempted to influence him to "take the charge" and exonerate them. (Rec. Doc. 64 at ¶12). He further claims that he is "seriously prejudiced by his joinder in the indictment and for the purposes of trial with co-defendants Jenkins and Leday." (Rec. Doc. 64 at ¶12).

He seeks to have the charges against him severed from those against his codefendants and to be tried separately from Jenkins and Leday.

## ANALYSIS

Rule 8(b) of the Federal Rules of Criminal Procedure provides for the joint trial of defendants who are alleged to have participated in the same criminal "act or transaction, or in the same series of acts or transactions." Generally, defendants charged in a single indictment should be tried together.[1] Joinder of defendants is particularly appropriate when conspiracy is one of the charges.[2] In fact, "the Fifth Circuit recognizes a strong presumption that 'persons indicted together should be tried together, especially in a conspiracy case.'"[3] Since the defendants in this case were charged in the same indictment and since they were charged with conspiracy, it would be appropriate for them to be tried together. Therefore, the undersigned finds that these defendants were properly joined.

---

[1] *United States v. Ellender*, 947 F.2d 748, 754 (5th Cir. 1991); *United States v. Arzola-Amaya*, 867 F.2d 1504, 1516 (5th Cir.), *cert. denied*, 493 U.S. 933, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989).

[2] *United States v. Miranda*, 248 F.3d 434, 439 (5th Cir. 2001); *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir.1994) *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir.1993); *United States v. Ellender*, 947 F.2d at 754; *United States v. Wheeler*, 802 F.2d 778, 782 (5th Cir. 1986).

[3] *United States v. Furlow*, 2010 WL 5067839, 1 (W.D. La. 2010), quoting *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008).

Rule 14(a) of the Federal Rules of Criminal Procedure provides for the severance of joined defendants when joinder "appears to prejudice a defendant or the government."[4] The word "prejudice," as used in this context, means "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[5] Severance is required only in cases of "compelling prejudice."[6] When deciding whether severance is appropriate, a district court should balance any prejudice to the defendant against the interests of judicial economy.[7] A defendant bears a "heavy burden" to show prejudice sufficient to warrant severance.[8]

Whether to grant a motion for severance rests within the sound discretion of the trial court and is required only in cases of compelling prejudice.[9] "When the risk of prejudice is high, a district court is more likely to determine that separate trials are

---

[4] See, also, *United States v. McGrew*, 165 Fed. App'x 308, 316 (5th Cir. 2006).

[5] *United States v. Rodriguez*, 553 F.3d at 394, quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

[6] *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010), quoting *United States v. McIntosh*, 655 F.2d 80, 84 (5th Cir. 1981).

[7] *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994).

[8] *United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994); *United States v. Herring*, 602 F.2d 1220, 1225 (5th Cir. 1979).

[9] *United States v. Peterson*, 244 F.3d 385, 393 (5th Cir. 2001); *United States v. McIntosh*, 655 F.2d at 84.

necessary, but ... less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."[10] Instructing the jury to consider the evidence as to each defendant separately and individually and not to consider comments made by counsel as substantive evidence often suffices to cure any prejudice caused when co-defendants accuse each other of the crime charged.[11]

A trial court abuses its discretion in denying severance only if the defendant demonstrates that "(1) the joint trial prejudiced him to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration."[12]

In this case, Barfield suggests two bases seeking severance, neither of which mandates severance at this time.

---

[10] *United States v. Mitchell*, 484 F.3d at 775, quoting *Zafiro v. United States*, 506 U.S. at 539.

[11] See, e.g., *United States v. Morrow*, 177 F.3d 272, 290 -291 (5th Cir. 1999); *United States v. Mann*, 161 F.3d 840, 863 (5th Cir. 1998); *United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995); *United States v. Stouffer*, 986 F.2d 916, 924 (5th Cir.1993).

[12] *United States v. Valdez*, 453 F.3d 252, 261 (5th Cir. 2006), quoting *United States v. Richards*, 204 F.3d 177, 193 (5th Cir. 2000) (citations omitted).

A. *UNITED STATES V. BRUTON* AND THE CONFRONTATION CLAUSE

The affidavit that was signed by Barfield, allegedly at the urging of Leday, attempts to exonerate Jenkins and Leday and at least implicitly inculpates Barfield. Under the rationale of *Bruton v. United States*, 391 U.S. 123 (1968), when the confession of one defendant, which implicates another defendant, is placed before the jury at the defendants' joint trial, and the confessing defendant does not testify, the Confrontation Clause of the Sixth Amendment is violated. Barfield argues that the potential *Bruton* problem presented by the existence of Barfield's affidavit requires that the charges against Barfield be severed from those against Leday and Jenkins and that Barfield be tried separately.

It would be premature to sever Barfield on that basis at this time. A Confrontation Clause problem involving the affidavit will not actually exist until it is known (1) whether the affidavit will be offered at trial and (2) whether Barfield will testify at trial.[13] If the affidavit is offered into evidence and Barfield testifies, Barfield will be subject to cross-examination and the requirements of the

---

[13] *United States v. Ramirez-Aquino*, 2006 WL 3692755, 1 (W.D. La. 2006) ("unless and until the government attempts to introduce the statements..., [defendant] cannot demonstrate the requisite prejudice necessary for the grant of a separate trial.")

Confrontation Clause will be satisfied.[14] If, however, the affidavit is offered into evidence at trial and Barfield declines to testify and is therefore "unavailable as a witness" under Rule 804 (a) of the Federal Rules of Evidence, there is a possibility that the affidavit would be admissible as an exception to the hearsay rule under Rule 804(b)(3), and an actual *Bruton* problem might arise. At that time, the trial court judge would be required to analyze the circumstances and determine whether severance is necessary. Under certain circumstances, a *Bruton* problem may be cured through redaction of the prior statement and limiting instructions from the court.[15] But until those facts are established – whether the affidavit will be offered into evidence and whether Barfield will testify at trial – Barfield's motion for severance is premature.

Accordingly, the undersigned finds that Barfield is not entitled to severance on the basis of *Bruton* at this time. Until there is an actual *Bruton* problem, Barfield cannot establish that the affidavit prejudices him. Consequently, severance is not necessary at this time to avoid any possible prejudice that might arise from Barfield's being tried jointly with Jenkins and Leday.

---

[14] See, e.g., *United States v. Wilson*, 657 F.2d 755, 766 n. 15 (5th Cir. 1981) ("Since [defendant] was cross-examined by both appellants, the problem, present in Bruton... is not present here.")

[15] See, e.g., *United States v. Kelly*, 973 F.2d 1145, 1150 (5th Cir 1992) citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

### B.   ANTAGONISTIC DEFENSES AND DEFENDANTS

Barfield argues that the existence of antagonistic defenses and defendants in this case requires that the charges against Barfield be severed. It is anticipated that Leday and Jenkins will be offering defenses attempting to prove that Barfield is guilty of the crimes charged but they are not. It is anticipated that Barfield will attempt to establish his own innocence. Severance is not mandated when codefendants have conflicting defenses,[16] or when codefendants disagree on the facts.[17] A defendant is not entitled to severance merely because he may have a better chance of acquittal in a separate trial.[18] Even "[m]utually antagonistic defenses are not prejudicial per se."[19]

In order to warrant a severance, antagonistic defenses "must be so diametrically opposed that the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his

---

[16]   *Zafiro v. United States*, 506 U.S. at 538.

[17]   *United States v. Berkowitz*, 662 F.2d 1127, 1134 (5th Cir. 1981).

[18]   *Zafiro v. United States*, 506 U.S. at 540.

[19]   *United States v. Daniels*, 281 F.3d 168, 177 (5th Cir. 2002), quoting *Zafiro v. United States*, 506 U.S. at 538.

codefendant."[20] Thus, a court should grant a motion to sever only when the defenses are "irreconcilable and mutually exclusive."[21]

Barfield has not alleged or articulated facts sufficient for the undersigned to find that his defense – or the defenses presented by Leday or Jenkins – may be antagonistic with those of another codefendant. There is no evidence that the defenses likely to be presented by the three codefendants in this case would require the jury to find one or more of the codefendants guilty if one of more of them is acquitted. Instead, this appears to be the type of situation in which proving the guilt of any one of the three codefendants will not necessarily establish the innocence of any other codefendant. This distinguishes the instant case from those in which severance was required because of antagonistic defenses.[22]

Similarly, Barfield has presented no evidence that there is a serious risk that a joint trial would compromise a specific trial right of any one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

---

[20] *United States v. Daniels*, 281 F.3d at 177 (internal quotation marks and citation omitted), citing *United States v. Berkowitz*, 662 F.2d at 1134.

[21] *United States v. Rocha*, 916 F.2d 219, 231 (5th Cir. 1990); *United States v. Grapp*, 653 F.2d 189, 193 (5th Cir.1981).

[22] See, e.g., *United States v. Macias*, 2009 WL 508719, 3 (N.D.Tex. 2009), citing *United States v. Bynum*, 566 F.2d 914, 926 (5th Cir. 1978) (rejecting claim that severance was mandatory due to irreconcilable defenses because it was "not essential to [one defendant's] defense, that the jury find [another defendant] guilty of the substantive offenses.")

Barfield has failed to establish the existence of an irreconcilable conflict. The core of his defense appears to be his own innocence, which he can establish by demonstrating that he lacked sufficient knowledge or intent to violate the law. The jury can believe this regardless of whether it believes his testimony regarding his co-defendants' criminal activity. That is, the guilt of his co-defendants is not at the core of his own claim to innocence. Indeed, Barfield fails to explain, let alone establish, how the guilt of his co-defendants demonstrates his innocence or vice versa.

Therefore, the undersigned further finds that, because the defenses are not mutually antagonistic and alternative remedies are available, severance is not necessary to avoid any possible prejudice that might arise from trying Barfield along with Jenkins and Leday.

## CONCLUSION

The undersigned finds that the defendants were properly joined together, as they are each charged with a role in the same conspiracy, which is part of the "same series of acts or transactions, constituting an offense or offenses," as required by Rule 8(b). The possibility of prejudice that could result from trying these defendants together is, at the current time, minimal at most. Instead of severance, the

undersigned finds that the trial court judge will be able to sufficiently mitigate the possibility of prejudice through jury instructions and by continuing to monitor this case as it progresses to trial. Because Barfield has not demonstrated that without severance he would suffer compelling prejudice that would result in an unfair trial, severance is not warranted at this time, and his motion to sever (Rec. Doc. 64) is hereby DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this ruling have fourteen days from service of this memorandum ruling to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served, with a copy of any objections or response being provided to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this memorandum ruling within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile*

*Association*, **79 F.3d 1415 (5th Cir. 1996).**

Lafayette, Louisiana, this 14th day of January, 2011.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)